## LESLIE MYERS *v.* COMMONWEALTH.

**Exceptions—Bill of, Sufficiency of.**

The bill of exceptions contains the names of the witnesses and a statement of what each proved on the trial, and after which it is said, "And here the proof closed." "The court then on motion of the Commonwealth's Attorney instructed the jury as follows:" Here instructions followed, at the close of which is added, "to which instructions the defendant excepted."

This language certainly imparts that the evidence contained in the bill of exceptions was all that was given and that the instructions therein copied, are all that were given and refused by the court.

**Criminal Law—Evidence—Statements and Confession Made by Prisoner—Instructions.**

A material part of the evidence against appellant consisted of statements or confessions made to one of the witnesses for the commonwealth. Such evidence has always been regarded as weak, if not the most unreliable made competent by law, because it is easily misunderstood, may be recollected only in part, or perverted and misrepresented by design, and when made alone to the witness who de-

tails it, it is difficult to disprove, therefore, the court erred in overruling instruction No. 3.

### APPEAL FROM BRACKEN CIRCUIT COURT.

October 21, 1871.

OPINION BY JUDGE PETERS:

The bill of exceptions contains the names of various witnesses and a statement of what each one proved on the trial, after which it is said, "And here the proof closed," and immediately afterwards it is said, "The court then, on motion of the attorney for the Commonwealth, instructed the jury as follows," three instructions then follow as those given on motion of the attorney for the Commonwealth, at the close of which is added, "to which instructions the defendant excepted." The defendant, by his attorney, then moved the court to give the following instructions, marked 1, 2, 3, 4 and 5, whereupon the court gave instructions marked Nos. 1, 2 and 5 and refused instructions Nos. 3 and 4, to the refusal of which said instructions the defendant excepted and still excepts.

This language certainly imports that the evidence contained in the bill of exceptions was all that was given on the trial and that the instructions therein copied are all that were given and refused by the court. The statements are not as direct and as explicit as they should be, but no inference can arise from them that any more evidence was heard on the trial, or that other instructions were given or refused.

Regarding the bill of exceptions as sufficient we proceed to inquire into the propriety of the decision of the court below in refusing instructions Nos. 3 and 4 as asked by appellant.

No. 3 is as follows: Evidence of conversations between the prisoner and any other person is the weakest testimony held competent by law, and should be received with great caution by the jury.

A material part of the evidence against appellant consisted of statements or confessions made to one of the witnesses for the Commonwealth. Such evidence has always been regarded as weak, if not the most unreliable made competent by law, because it is easily misunderstood, may be recollected only in part,

or perverted, and misrepresented by design, and when made alone to the witnesses who details it, it is difficult to disprove.

It is unreliable on account of the frailty and uncertainty of the channel through which it is communicated. *Vaughn & McKee's Heirs v. Hann,* 6 *B. M.* 338; *Snelling v. Utterback,* 1 *Bibb.* 611; *Morris v. Morris,* 2 Ib. 311.

In view of the evidence introduced on the trial the court below erred in refusing instruction No. 3 as asked.

Instruction No. 4 was properly refused. By it the jury were required to find facts therein enumerated, some of which were not material, and they might. have found him guilty without being satisfied by the evidence of their existence.

The instructions given on motion of the attorney for the Commonwealth were not objected to when asked, nor was the ruling of the court in giving them excepted to, and we cannot therefore consider them; but we may say that any inaccuracy in them, if there was any, was cured by those which were given on motion of appellant. Nor was the evidence of Daniel Byars objected to, when offered, and the objection which might have been made to his evidence must be considered as waived. But for the error in refusing instruction No. 3 the judgment must be reversed and the cause remanded with directions to award a new trial and for further proceedings consistent herewith.

*R. K. Smith, for appellant.*